THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. SERGIO E. RODRÍGUEZ, Defendant and Appellee.

No. CE-64-20.     Decided February 3, 1965.

*J. B. Fernández Badillo,* Solicitor General, and *J. F. Rodríguez Rivera,* Assistant Solicitor General, for The People. *Herminio Concepción de Gracia* and *Ismael Betancourt Lebrón* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The district attorney charged Sergio E. Rodríguez before the District Court with a violation of the law which prohibits the illegal practice of medicine, committed as follows:

". . . on or about March 20, 1962, and in San Juan . . . he illegally, wilfully, maliciously, and criminally, without holding a license issued by the Board of Medical Examiners of Puerto Rico to practice medicine in Puerto Rico, passed himself off as a physician and in that capacity examined Lucía Fernández and Ignacio Murga and signed, as physician and surgeon in the legal practice of his profession in Puerto Rico, a medical certificate to enable the said Lucía Fernández and Ignacio Murga to contract marriage, and that he received pay for such services."

During the trial and after the prosecution evidence was heard, he filed a motion for dismissal based on the fact that the facts alleged and proved did not constitute a public offense. The court granted to the parties a term to file memoranda, and after the same were received it entered an order denying the motion for dismissal. The Superior Court issued a writ of certiorari to review that order, and after the petition was submitted for decision it rendered judgment setting aside the same and acquitting defendant. To review that judgment we issued a writ of certiorari.

The unrebutted prosecution evidence presented before the District Court established (1) that the Board of Medical

Examiners of Puerto Rico has never issued to defendant Dr. Sergio E. Rodríguez a license to practice medicine and surgery in Puerto Rico; (2) that defendant is the holder of license No. 84 authorizing him to practice as chiropractor in Puerto Rico; and (3) that on March 20, 1962, defendant issued a "Medical Certificate to Contract Marriage" attesting, under his signature as "Physician and Surgeon in the legal practice of his profession in Puerto Rico," that on that date he had examined Lucía Fernández and Ignacio Murga and that neither one was suffering from insanity, epilepsy, idiocy, syphilis, or any venereal disease which would prevent them from contracting marriage within 10 days after issuance of the certificate.[1]

The Act regulating the practice of the medical profession punishes the illegal practice of medicine in Puerto Rico and

---

[1] The following is a verbatim copy of the said certificate:

"CERTIFICATES REQUIRED FOR OBTAINMENT OF MARRIAGE LICENSE

Medical Certificate for Contracting Marriage

(This Certificate Is Not Valid After 10 Days from Issue Date)

(A)

I hereby certify that on even date herewith I have examined LUCÍA FERNÁNDEZ and that she is not suffering from insanity, epilepsy, idiocy, syphilis, or any venereal disease which may prevent her from contracting marriage within the next 10 days after the date hereof, and in accordance with the provisions of the laws in force at present to that effect in Puerto Rico.
Name  S. E. RODRÍGUEZ
Date  MAR. 20, 1962
Signature  DR.  SERGIO  E. RODRÍGUEZ (Physician and Surgeon in the legal practice of his profession in Puerto Rico).

(B)

I hereby certify that on even date herewith I have examined IGNACIO MURGA and that he is not suffering from insanity, epilepsy, idiocy, syphilis, or any venereal disease which may prevent him from contracting marriage within the next 10 days after the date hereof, and in accordance with the provisions of the laws in force at present to that effect in Puerto Rico.
Name  S. E. RODRÍGUEZ
Date  MAR. 20, 1962
Signature  DR.  SERGIO  E. RODRÍGUEZ (Physician and Surgeon in the legal practice of his profession in Puerto Rico)."

defines what ought to be understood by illegal practice of medicine. Section 39 of Title 20 of the Laws of Puerto Rico Annotated provides:

"§ 39. Illegal practice of medicine, penalties

"Every person charged with, and convicted of, illegally practicing medicine or surgery, osteopathy, any branch of these, or their allied professions, or obstetrics, contrary to the provisions of sections 31–53 of this title, shall be guilty of a misdemeanor for each violation of said provisions, and shall be punished by a fine of not less than twenty-five (25) dollars or by imprisonment in jail, or by both penalties, in the discretion of the court; Provided, That the Superior Court shall have concurrent jurisdiction in such cases; Provided, further, That recidivism shall entail a minimum penalty of thirty days in jail. For the purposes of sections 31–53 of this title, it shall be considered that a person is illegally practicing medicine and surgery, osteopathy, or any branch of these professions, or obstetrics, or any of the professions allied to medicine and surgery, when, without having a license issued by the Board of Medical Examiners of Puerto Rico, he advertises himself, or passes himself off, as a physician, surgeon, osteopath, *practicante*, or midwife, and who holds himself out as being able to diagnose, treat, operate or prescribe for any disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any disease, pain, injury, deformity or physical condition, whether or not he receives remuneration for such services; Provided, That medical students duly enrolled in medical schools organized in Puerto Rico, may under professorial supervision of a physician duly authorized to practice medicine in Puerto Rico, make examinations on human beings, prescribe, help in operations, give anesthesia, attend minor cases of surgery, and attend labor cases as part of their training while in medical school; Provided, further, That any of the following acts shall constitute a misdemeanor subject to the same penalties as those mentioned above: (1) The use of the title Doctor of Medicine, or any abbreviation derived therefrom whether or not the terms "chiropodist" or *pediatrist* are included, except in cases of persons legally authorized to practice medicine in Puerto Rico; (2) the use of the terms

'foot specialist,' 'foot surgeon,' 'orthopedic surgeon,' 'orthopedic specialist,' or any derivation therefrom, except in the case of a person legally authorized to practice the medical profession in Puerto Rico; (3) the advertisement of himself as chiropodist or *pediatrist,* unless he is a physician or surgeon legally authorized to practice the profession in this Commonwealth, stating that the advertiser treats all kinds of diseases and disorders arising from abnormal conditions of the feet."

■ In order to determine whether or not defendant violated the Act which punishes the illegal practice of medicine in Puerto Rico, the Superior Court did not attach importance to the fact that in signing the certificate to contract marriage he used the title "Physician and Surgeon." It based its judgment on the criterion that the evidence offered by the district attorney "does not establish that a chiropractor, within the limited field of his profession, may not diagnose the presence or absence of idiocy, epilepsy, or venereal diseases." The court agreed, however, that from the documentary evidence it appears that defendant is not a physician duly authorized to practice his profession in Puerto Rico, and that in signing the certificate he passed himself off as a physician and surgeon practicing his profession in Puerto Rico, and also that he diagnosed the absence of certain diseases in the persons in whose favor the certificates were issued.

This alone constitutes by itself illegal practice of medicine and was therefore sufficient to sustain the ruling of the District Court. However, let us examine the question of whether it was necessary to present evidence additional to that presented by the district attorney to establish that a chiropractor is not authorized to diagnose whether or not a human being is suffering from insanity, epilepsy, idiocy, syphilis or venereal diseases.

■ In 1952 our Legislature enacted Act No. 493 to regulate in Puerto Rico the practice of the profession of chiro-

practic (20 L.P.R.A. §§ 151–69). In the Statement of Motives of that Act it was made clear that the practice of chiropractic, as defined in the Act, is not the practice of medicine or of osteopathy within the laws in force. In its § 1 it defines chiropractic in the following terms:

"§ 151. Definitions

"Whenever used in sections 151–169 of this title, the following words shall mean:

"(a) 'Chiropractic' shall mean the science of the treatment of the human body by means of adjustments and manipulations for the purpose of correcting partial misalignment and subluxation of. the spinal column, causing compression on the nerves, thus hindering the transmission of vital energy from the brains to the organs, tissues and cells of the human body."

A license to practice chiropractic authorized the holder thereof:

"(a) to examine and analyze the human body by means of the use of physical, chemical, electric, thermic or radion methods, as well as by means of the use of X rays;

"(b) to treat the human body by manual, mechanic, electric or natural means, or by the employment of physical methods, or by means of physiotherapy (including light, heat, water, and exercise), or by means of food and vitamins;

"(c) to administer first-aid or hygienic methods." Section 8 of Act No. 493 of May 15, 1952. (20 L.P.R.A. § 158.)

■ ■ This power to examine, analyze, and treat the human body by the methods therein set forth, as well as the power to administer first-aid or hygienic methods, is limited to the particular field of chiropractic as defined in the statute and does not authorize the chiropractor to invade the field of medicine and surgery. The Act provides in § 9 (20 L.P.R.A. § 159) that a license to practice chiropractic does not authorize its holder: "(a) to prescribe or administer to any person any medicine or drug; neither (b) to practice surgery; nor (c) to practice obstetrics." However, this does not mean that a chiropractor may perform other

acts, outside the field of chiropractic, which are not expressly prohibited by § 9 *supra*, provided such acts come within the practice of medicine or surgery.[2] The Act in its § 18 (20 L.P.R.A. § 168) authorizes chiropractors to "execute and sign any legal document or certificate incidental to the practice of chiropractic." We know already the legal definition of chiropractic. Therefore, the legal documents and certificates which a chiropractor may execute and sign must refer and circumscribe themselves to the examination and analysis of the human body by the methods pointed out in the Act, or to the treatment of the human body by means of adjustments and manipulations for the purpose of correcting partial misalignment and subluxation of the spinal column.

■ ■ It is obvious that a physician cannot diagnose a disease and sign a certificate of his diagnosis if he has not previously examined the patient using the methods provided by science. Considering the methods of examination, analysis, and treatment of the human body which the chiropractor is permitted to use by law, it is evident that this professional is not authorized to diagnose or to sign certificates on diseases such as insanity, epilepsy, idiocy, syphilis, or venereal diseases, which unquestionably do not come within the practice of chiropractic. Mental diseases, for example, may only be diagnosed and treated by physicians, nowadays mostly by specialists in those diseases known as psychiatrists. On the other hand, the syphilography which is part of medicine does not come either under the restricted practice of chiropractic.

---

[2] In *People* v. *Fowler*, 84 P.2d 326, and *People* v. *Mangiagli*, 218 P.2d 1025, it is held that the practice of chiropractic must stay within the limits of that science, as defined in the statute, and that the prohibition that a chiropractor may not engage in certain practices does not mean that he may engage in others which are not expressly prohibited, if they come within the practice of medicine or surgery. We subscribe to that doctrine.

██ ██ Therefore, the fact having been established by documentary evidence that a chiropractor not authorized to practice medicine and surgery in Puerto Rico, as in the instant case, examined two persons, diagnosed that they were not suffering from mental diseases, epilepsy, syphilis, or venereal diseases, and afterwards authorized under his signature a document attesting to that fact, the illegal practice of medicine by the chiropractor was proved. Having examined the provisions of the laws which regulate the practice of medicine and of chiropractic in Puerto Rico, the district attorney was not bound to prove that a chiropractor may not, within the limited field of his profession, diagnose the presence or absence of such diseases in a human body. This is so because the statutory definition of chiropractic excludes the power of such professional to diagnose and issue certificates on diseases which come outside the field of his practice.

In view of the foregoing, the judgment rendered by the Superior Court, San Juan Part, on June 5, 1964, will be reversed and the case remanded to the District Court for further proceedings.

